[984 NE2d 925, 960 NYS2d 727]

In the Matter of JACQUELINE PEREZ, Respondent, v JOHN B. RHEA, as Chairman of the New York City Housing Authority, Appellant.

Argued January 10, 2013; decided February 14, 2013

## POINTS OF COUNSEL

*Kelly D. MacNeal, General Counsel, New York City Housing Authority,* New York City (*Seth E. Kramer* and *Nancy M. Harnett* of counsel), for appellant. The Appellate Division majority erred in substituting its preferred result for a rational agency determination. (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222; *Peconic Bay Broadcasting Corp. v Board of Appeals, Town of Southampton,* 99 AD2d 773;

*Matter of Featherstone v Franco*, 95 NY2d 550; *Matter of Wooten v Finkle*, 285 AD2d 407; *Matter of Ahsaf v Nyquist*, 37 NY2d 182; *Matter of Kelly v Safir*, 96 NY2d 32; *Matter of Newton v Municipal Hous. Auth. for City of Yonkers*, 38 NY2d 220; *Matter of Parker v New York City Hous. Auth.*, 73 AD3d 632; *Matter of Bland v New York City Hous. Auth.*, 72 AD3d 528; *Matter of Smith v New York City Hous. Auth.*, 40 AD3d 235, 9 NY3d 816.)

*Marc Sackin*, Royal Oak, Michigan, for respondent. This Court should affirm the well-reasoned decision of the Appellate Division, which is in conformity with well-settled precedent. (*Matter of Holiday v Franco*, 268 AD2d 138; *Matter of Wise v Morales*, 85 AD3d 571, 18 NY3d 808; *Matter of Brown v Popolizio*, 166 AD2d 44; *Matter of Dickerson v Popolizio*, 168 AD2d 336; *Matter of Milton v Christian*, 99 AD2d 984; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418; *Matter of Gray v Donovan*, 58 AD3d 488; *Matter of Williams v Donovan*, 60 AD3d 594; *Matter of Vazquez v New York City Hous. Auth. [Robert Fulton Houses]*, 57 AD3d 360.)

*Weil, Gotshal & Manges LLP*, New York City (*Ronit J. Berkovich* and *David J. Schwartz* of counsel), for Housing Court Answers, Inc., amicus curiae. I. The Court of Appeals must preserve the *Pell* standard and appellate courts' consistent interpretation. (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Matter of Stolz v Board of Regents of Univ. of State of N. Y.*, 4 AD2d 361.) II. New York appellate courts applying the *Pell* standard have consistently held that administrative penalties affecting tenancy were disproportionate to the offense in cases with graver offenses and weaker mitigation evidence than that which was demonstrated by Jacqueline Perez. (*Matter of Wise v Morales*, 85 AD3d 571; *Matter of Paul v New York City Hous. Auth.*, 89 AD3d 520; *Matter of Davis v New York City Dept. of Hous. Preserv. & Dev.*, 58 AD3d 418; *Matter of Gray v Donovan*, 58 AD3d 488; *Matter of Holiday v Franco*, 268 AD2d 138; *Matter of Rodriguez v New York City Hous. Auth.*, 84 AD3d 630; *Matter of Spencer v New York City Hous. Auth.*, 81 AD3d 537; *Matter of Bellamy v Hernandez*, 72 AD3d 814; *Matter of Vazquez v New York City Hous. Auth. [Robert Fulton Houses]*, 57 AD3d 360; *Matter of Spand v Franco*, 242 AD2d 210.) III. Every case the New York City Housing Authority cites to support its proposition that the penalty imposed on

Jacqueline Perez was proportionate to her circumstances is highly distinguishable from the case at bar. (*Matter of Newton v Municipal Hous. Auth. for City of Yonkers*, 38 NY2d 220; *Matter of Parker v New York City Hous. Auth.*, 73 AD3d 632; *Matter of Bland v New York City Hous. Auth.*, 72 AD3d 528; *Matter of Smith v New York City Hous. Auth.*, 40 AD3d 235; *Matter of Waterside Redevelopment Co. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 270 AD2d 87; *Matter of Cuevas v Beacon Hous. Auth.*, 220 AD2d 179; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222.)

## OPINION OF THE COURT

PIGOTT, J.

The question presented by this case is whether the New York City Housing Authority's termination of petitioner's tenancy was, in light of the circumstances, so disproportionate to her misconduct as to shock the judicial conscience, thereby constituting an abuse of discretion as a matter of law (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). We hold that it was not.

Petitioner is a tenant in a New York City Housing Authority (NYCHA) public housing apartment in Manhattan. In the late 1990s, she became employed, for the first time, as a bookkeeper. She failed to disclose her new earnings to her landlord, each year stating in an affidavit of income that she did not work. This omission allowed petitioner to pay a substantially lower rent than she would have had she revealed the income.

When NYCHA officials discovered the misrepresentation, the matter was referred to its Office of the Inspector General. In December 2006 petitioner was charged criminally with grand larceny in the third degree and offering a false instrument for filing in the first degree, for failing to report her income, "thereby causing NYCHA to be defrauded of $27,144.00." In July 2008, petitioner pleaded guilty to a reduced charge of petit larceny and received a conditional discharge, upon her agreement to pay restitution to NYCHA in monthly installments totaling $20,000.

Thereafter, NYCHA sought to terminate petitioner's tenancy, on the grounds of non-desirability, misrepresentation, non-verifiable income, and breach of rules and regulations. In hearings

in the spring of 2009, petitioner admitted that at the time she failed to report her employment, she had been aware that her rent was based on income. She also testified that her three children, two of whom have learning disabilities, live with her, and that she needed a larger home for her family, but could not afford to rent one.

The Hearing Officer ruled that, despite "[t]he plight of the family," termination of petitioner's tenancy was "[t]he only appropriate disposition." Petitioner, the Hearing Officer reasoned, had given no explanation for her misrepresentations that might tend to "show that she did not intend to defraud NYCHA." The Hearing Officer concluded that "[a]n individual who through misrepresentation obtains from the tax-paying public a greater subsidy than that to which she is entitled is not eligible for tenancy." NYCHA approved the Hearing Officer's decision and ordered that petitioner's tenancy be terminated.

Petitioner then commenced this CPLR article 78 proceeding, challenging that determination. She contended that the penalty of termination was so harsh as to constitute an abuse of discretion as a matter of law. For the first time, petitioner claimed that eviction might leave her homeless. She included documentary evidence concerning her sons' learning disabilities and the negative impact on their schooling should the family be forced to move to a homeless shelter.

Supreme Court confirmed NYCHA's determination, denied the article 78 petition, and dismissed the proceeding, holding that "[t]ermination is appropriate when the tenant conceals a large amount of income over an extended period causing a substantial rent underpayment, even if a child is part of the household" (2010 NY Slip Op 30763[U], *7 [2010]).

The Appellate Division reversed Supreme Court's judgment, granted the article 78 petition to the extent of vacating the penalty of termination, and remanded the matter to NYCHA for the imposition of a lesser penalty (87 AD3d 476 [1st Dept 2011]). It concluded that termination of tenancy was so disproportionate to the offense, in the light of all the circumstances, as to shock the judicial conscience. The court stated that "forfeiture of public housing accommodations is a drastic penalty because, for many of its residents, it constitutes a tenancy of last resort" (87 AD3d at 479, quoting Matter of Holiday v Franco, 268 AD2d 138, 142 [1st Dept 2000]).

One Justice dissented, reasoning that "[i]n accordance with her plea agreement, petitioner was required to repay only

$20,000 of the more than $27,000 in rent that she avoided paying, which amounts to no penalty at all. If defrauding a governmental agency incurs no adverse consequence, others will be encouraged to engage in similar fraudulent conduct—hardly an outcome that promotes the ends of justice" (87 AD3d at 481 [Tom, J.P., dissenting]).

We granted NYCHA's motion for leave to appeal, and now reverse.

The principal reason that the Appellate Division overturned NYCHA's determination and Supreme Court's judgment is that the Appellate Division considered public housing accommodation to be "a tenancy of last resort" (87 AD3d at 479); the quotation is from a dictum in *Matter of Holiday* (268 AD2d at 142). The Appellate Division's decision begins with the premise that termination "would likely leave petitioner . . . homeless" (87 AD3d at 476).

Absent from the Appellate Division's analysis, however, is any estimate of how probable it is that petitioner's eviction would result in homelessness. Unlike some residents of public housing, petitioner, of course, has an income. Notably, while petitioner testified that she could not afford a *larger* apartment, she did not claim at her hearings that she would become homeless if evicted. That assertion originates in her petition in this article 78 proceeding, which states, conclusorily, that "[i]f petitioner is evicted from her apartment, she and her family will be rendered homeless." Implicit in petitioner's statement is the claim that the income that she earns from her employment is insufficient to allow her to afford appropriate accommodation. But the petition has no affidavit from petitioner to this effect, nor any support for her claim. Nor is it alleged that petitioner would lose her job, or be forced to resign, if she were obliged to move.* Indeed, on appeal to this Court, petitioner asserts, more narrowly, that "*if* she loses her employment, she certainly would not be able to afford an apartment for her family" (emphasis added).

The Appellate Division erred by importing its prior dictum that public housing is "a tenancy of last resort" into its analysis, thus giving rise to an implicit assumption that any termination of tenancy is a "drastic penalty" (87 AD3d at 479, quoting *Holiday*, 268 AD2d at 142) that, by default, is excessive. In

---

* Petitioner focuses exclusively on the consequences if she were "to move to a homeless shelter that is a significant distance away."

short, we share the dissenting Justice's concern that "universal application" of the Appellate Division majority's principles "would result in no tenant of public housing ever being evicted, whatever the grounds" (87 AD3d at 480-481 [Tom, J.P., dissenting]). Instead, reviewing courts must consider each petition on its own merit. The Appellate Division failed to do that here.

The remaining question, then, is whether the penalty of termination of petitioner's tenancy was an abuse of discretion as to the measure or mode of penalty (CPLR 7803 [3]). "It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Pell*, 34 NY2d at 232 [emphasis omitted]). Petitioner, whose rent was income-based, knowingly and intentionally concealed her income from NYCHA for seven years, defrauding the agency of $27,144. We hold that termination of petitioner's tenancy was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*id.* at 233). Moreover, termination in this case is "compelled by a supervening public interest" (*id.* at 241).

A vital public interest underlies the need to enforce income rules pertaining to public housing. Despite petitioner's alleged difficulties if her tenancy is terminated, public housing is of limited availability and there are waiting lists of other families in need of homes, whose situations may be equally sympathetic. If income reporting violations were to be ignored by the NYCHA, there would be—as noted by the dissenting Justice—no meaningful deterrent to residents of income-based public housing who misstate their earnings. If residents believe that the misrepresentation of income carries little to no chance of eviction, the possibility of restitution after criminal conviction may not serve adequately to discourage this illegal practice. The deterrent value of eviction, however, is clearly significant and supports the purposes of the limited supply of publicly-supported housing. It follows, then, that NYCHA's decision to terminate petitioner's tenancy is not so disproportionate to her misconduct as to shock the judicial conscience.

The remaining contentions in the petition are either unpreserved or without merit.

Accordingly, the order of the Appellate Division should be reversed, without costs, and the judgment of Supreme Court reinstated.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur; Judge RIVERA taking no part.

Order reversed, without costs, and judgment of Supreme Court, New York County, reinstated.