(April 2, 2013)

■ In the Matter of Marie Perrette, Petitioner, v New York City Department of Housing Preservation and Development, Respondent. [962 NYS2d 123]—

Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated February 24, 2010, which, after a hearing, terminated petitioner's section 8 rent subsidy, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Cynthia S. Kern, J.], entered October 20, 2010), dismissed, without costs.

The Hearing Officer's finding that petitioner intentionally failed to report approximately $30,000 of income earned by her daughter during a three-year period is supported by substantial evidence (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). He also found that while petitioner would not be able to afford the apartment without assistance, she will not be rendered homeless as a result of the termination of the subsidy, and that there are no mitigating circumstances sufficient to warrant reversal of HPD's termination of the benefits. Here, as in Matter of Perez v Rhea (20 NY3d 399, 405 [2013]), "termination of petitioner's tenancy was not 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness.' " As noted by the Court in Perez, "[a] vital public interest underlies the need to enforce income rules pertaining to public housing. . . . The deterrent value of eviction . . . is clearly significant and supports the purposes of the limited supply of publicly-supported housing." (Id. at 405.) Notwithstanding the hardship to petitioner, the penalty of

termination is confirmed (*see Matter of Cubilete v Morales*, 92 AD3d 470 [1st Dept 2012]). Concur—Tom, J.P., Andrias, Acosta, Moskowitz and Abdus-Salaam, JJ.