Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 16, 2012, which granted the petition brought pursuant to CPLR article 78, to the extent of vacating the May 11, 2011 determination of respondent New York City Housing Authority (NYCHA), terminating petitioner’s tenancy, and remanded the matter to NYCHA for imposition of a lesser penalty, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Petitioner resides in a public housing unit with her five children, two of whom are minors. NYCHA initiated termination proceedings after police recovered from the apartment a significant amount of marijuana, a bottle of oxycodone pills and a loaded and operable firearm. Petitioner was not present at the time of the search, and there is no evidence that she had specific knowledge of the presence of the weapon or the drugs, which apparently were brought into the apartment by her older children and their friends. However, she acknowledged that one of her older sons is a habitual marijuana user, and that she had encouraged him to seek treatment. Petitioner also testified that she could only control activities in the apartment when she was physically there.
Based on the fact that petitioner had dominion and control over her apartment and was responsible for the activities therein whether she was present or not, the hearing officer sustained the charges of nondesirability and breach of rules. The hearing officer noted that petitioner did not offer any as *532 sur anee that narcotics and guns would never again be found in the apartment, and concluded that NYCHA “has an obligation to its residents to terminate tenancies which permit such possession.” NYCHA approved the hearing officer’s finding and determination, and imposed termination of petitioner’s lease as the sanction.
In seeking reversal of the determination from the article 78 court, petitioner did not dispute that the narcotics and firearm were found in her apartment. Rather, she asserted, inter alla, that the penalty of termination shocks the conscience because she had lived in the apartment for 23 years and served on the Tenants’ Association Board for the past five years; she is a single mother and it would be unfair for her younger children to be evicted based on their older siblings’ conduct; she was not home at the time of the search; and she was trying to encourage her older children to move out at the time of the incident. The court agreed with her, stating: “Given petitioner’s unblemished record, long-time residency in the Subject Apartment for over 20 years, and petitioner’s minor children, whom she is supporting, the Decision shocks the conscience and must be vacated.”
The article 78 court relied in part on Matter of Perez v Rhea (87 AD3d 476 [1st Dept 2011], revd 20 NY3d 399 [2013]), particularly the statement in that case that “[t]he forfeiture of public housing accommodations is a drastic penalty because, for many of its residents, it constitutes a tenancy of last resort” (87 AD3d at 479). There, a public housing resident under-reported her income and, after NYCHA confronted her with that fact, she agreed to reimburse it for the difference between her actual rent and what would have been charged had her rent statements been accurate. This Court found the imposed penalty of termination of the tenancy to be excessive, because there were several mitigating circumstances, including the facts that the petitioner’s residency was otherwise unblemished, she had made efforts to resolve the issue, and the record indicated that the petitioner, and her two young and disabled children, would likely become homeless if her subsidy was terminated (87 AD3d at 479-480).
After the article 78 court ruled, the Court of Appeals reversed this Court’s decision in Matter of Perez v Rhea (20 NY3d 399 [2013]). The Court first noted that the record contained no evidence from the petitioner that if she were evicted she would not have the means to afford alternative housing. It further took exception with this Court’s statement concerning public housing as a tenancy of last resort, for fear that it would create a presumption that public housing tenants could never be evicted, *533 and emphasized that “reviewing courts must consider each petition on its own merit” (20 NY3d at 405).
Guided as we must be by the Court of Appeals’ ruling in Matter of Perez, we review the sanction of termination in accordance with the standard set forth in Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County (34 NY2d 222 [1974]). There, the Court of Appeals defined a penalty that is unsustainable as “shocking to one’s sense of fairness” as one which “is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals. Additional factors would be the prospect of deterrence of the individual or of others in like situations, and therefore a reasonable prospect of recurrence of derelictions by the individual or persons similarly [situated]” (34 NY2d at 234).
Applying this standard, we find that the facts here support petitioner’s eviction. Eviction is undoubtedly a “grave” sanction. However, in permitting drugs and a lethal weapon to be present in her apartment, petitioner committed a serious breach of the code of conduct that is critical to any multiple dwelling community, and which warrants the ultimate penalty (see e.g. Matter of Zimmerman v New York City Hous. Auth., 84 AD3d 526 [1st Dept 2011]; Matter of Bell v New York City Hous. Auth., 49 AD3d 284 [1st Dept 2008]). Petitioner’s neighbors have a right to live in a safe and drug-free environment, and petitioner significantly compromised their ability to do so, her alleged ignorance of the activities in her apartment notwithstanding (see Matter of Walker v Franco, 275 AD2d 627, 628 [1st Dept 2000], affd 96 NY2d 891 [2001]).
We further note that petitioner provided no evidence to support the Article 78 court’s implication that she and her younger children would not have the means to find other housing. Thus, we do not have the factual basis to conclude that eviction will actually lead to that result, as required by Matter of Perez (20 NY3d at 404). For the foregoing reasons, we find that NYCHA acted within the bounds of its discretion in terminating petitioner’s tenancy, and that the article 78 court improperly substituted its judgment for that of NYCHA (see Perez, 20 NY3d at 405). Concur — Mazzarelli, J.E, Friedman, Renwick, DeGrasse and Gische, JJ. [Prior Case History: 2012 NY Slip Op 32610(U).]