*583 Determination of respondent New York City Housing Preservation and Development (HPD), dated July 18, 2012, terminating petitioner’s Section 8 rent subsidy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered March 21, 2013), dismissed, without costs.
Petitioner employs a selective reading of the record to disregard substantial evidence of fraud perpetrated upon HPD. Most significantly, the record is devoid of competent documentary evidence to show that petitioner’s son, Karem Kamel, was ever a member of her household so as to warrant a rent subsidy for a two-bedroom apartment. While petitioner has submitted a series of returns completed by TA Tax and Insurance, a tax preparer, that list her address as Karem’s residence, each and every W-2 received from Karem’s employers and submitted to the preparer for the tax years in question lists a different address (said to be that of Karem’s father). Since no independent basis for the preparer’s knowledge of Karem’s abode has been provided, its evidentiary value is minimal. In addition, Karem’s driver’s license, his employment records and a juror’s certificate similarly place his residence at his father’s address. Even accepting a fact not in evidence and presuming that Karem should have been included in petitioner’s household composition, the record establishes that he was absent from the household while working in Utah in each of two successive years for a period of, respectively, slightly more and slightly less than 90 days, and petitioner failed to report the absences. Petitioner also failed to report the income earned from Karem’s employment from 2008 through 2011, totaling over $35,000, to respondent. Thus, the record contains substantial evidence to support the agency’s decision to terminate petitioner’s Section 8 rent subsidy based upon the Hearing Officer’s finding of “her chronic failure to provide true and complete information to HPD,” and the administrative determination must be upheld (Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]).
Petitioner discounts these findings and confines her argument to Karem’s most recent absence (if that is the appropriate term) to pursue a contract of employment with the Doha Film Institute in Qatar. The contract is dated July 24, 2011, and Karem’s passport indicates his arrival in the Kingdom on August 5, 2011. The contract entitles the employee to an annual flight home, and he returned to the United States at the end of *584 the year, arriving on December 12, 2011 and returning to Qatar on January 12, 2012, where he remained as of July 9, 2012, the date of the hearing.
Petitioner contends that she had no obligation to comply with the provision of respondent’s administrative plan requiring that the plan participant “[n]otify HPD of any planned absences from the unit greater than 90 days.” Petitioner reasons that because Karem had not actually been absent from the premises for 90 days as of the date she signed her Section 8 recertification form on October 15, 2011, he was still a permanent member of her household under the administrative plan, and she did not misrepresent his status at such time. Be that as it may, petitioner did not inform HPD of Karem’s absence until February 8, 2012, and then only in response to a notice of a scheduled pretermination conference to be held on February 10. Nor did petitioner advise HPD of his employment, stating only that “he is overseas in Quetar [sic], Dubai.” Thus, the record demonstrates a clear violation of petitioner’s reporting responsibilities.
Petitioner further contends that termination of her subsidy is a disproportionate penalty, portraying the financial harm to the agency as “small” and “speculative.” This reasoning contravenes the Court of Appeals’ decision in Matter of Perez v Rhea (20 NY3d 399, 405 [2013], revg 87 AD3d 476 [1st Dept 2011]), involving the misrepresentation of household income to the New York City Housing Authority (NYCHA), in which the Court stated as follows: “A vital public interest underlies the need to enforce income rules pertaining to public housing ... If residents believe that the misrepresentation of income carries little to no chance of eviction, the possibility of restitution after criminal conviction may not serve adequately to discourage this illegal practice. The deterrent value of eviction, however, is clearly significant and supports the purposes of the limited supply of publicly-supported housing. It follows, then, that NYCHA’s decision to terminate petitioner’s tenancy is not so disproportionate to her misconduct as to shock the judicial conscience.”
In the matter at bar, the record contains evidence from which it can be concluded that petitioner misrepresented the composition of her household at the outset by including her son on her Section 8 application in order to obtain a two-bedroom apartment, a unit larger — and thus more expensive — than necessary for a single individual. Alternatively, the record demonstrates that petitioner failed to report income of a household member for several years to avoid an upward revision in her responsibility to contribute towards the rental payment for the unit. In ei *585 ther event, HPD has sustained monetary harm, and termination of petitioner’s subsidy is warranted to provide a “meaningful deterrent to residents of income-based public housing who misstate their earnings” (id.). Concur — Gonzalez, EJ., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.