*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 23, 2014          517883
_____

In the Matter of the
    Arbitration between HUDSON
    VALLEY COMMUNITY COLLEGE
    et al.,
                    Respondents,
        and

HUDSON VALLEY COMMUNITY
    COLLEGE FACULTY ASSOCIATION,
                    Appellant.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of HUDSON VALLEY
    COMMUNITY COLLEGE FACULTY
    ASSOCIATION et al.,
                    Appellants,
        v

BOARD OF TRUSTEES OF
    HUDSON VALLEY COMMUNITY
    COLLEGE et al.,
                    Respondents.

(Proceeding No. 2.)
_____


Calendar Date: September 4, 2014

Before: Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                    _____


        Sheenan Greene Golderman & Jacques, LLP, Albany (Lawrence
H. Schaefer of counsel), for appellants.

Martin, Shudt, Wallace, DiLorenzo & Johnson, Troy (David T. Garvey of counsel), for respondents.

_____

Garry, J.

Appeal from a judgment of the Supreme Court (McGrath, J.), entered May 22, 2013 in Rensselaer County, which, among other things, granted petitioners' application, in proceeding No. 1 pursuant to CPLR 7503, to stay arbitration between the parties.

Petitioner Christine Raneri was hired by petitioner Hudson Valley Community College (hereinafter HVCC) as a part-time adjunct professor in 2006, and she was appointed as a full-time probationary teacher in 2007, teaching in the Automotive/Auto Body subject area. Raneri was a member of the Hudson Valley Community College Faculty Association (hereinafter Association) which, during the pertinent time period, was a party to a collective bargaining agreement (hereinafter CBA) with HVCC. In March 2012, HVCC notified Raneri that her position had been retrenched, and that her employment would end in August 2012. The Association submitted a grievance on Raneri's behalf. HVCC's president denied the grievance following a hearing, and the Association served a demand for arbitration. Thereafter, HVCC and the County of Rensselaer commenced proceeding No. 1, seeking a permanent stay of arbitration pursuant to CPLR 7503. The Association answered and cross-petitioned to compel arbitration. The Association and Raneri also commenced proceeding No. 2 pursuant to CPLR article 78 against the County, respondent Board of Trustees of HVCC and others (hereinafter collectively referred to as the College respondents), challenging the retrenchment on the merits, and the College respondents moved to dismiss the CPLR article 78 petition. The court granted the petition in proceeding No. 1 to stay arbitration, denied the cross petition in proceeding No. 1 to compel arbitration, and dismissed the CPLR article 78 proceeding (proceeding No. 2). The Association and Raneri appeal.

        The Association and Raneri first contend that Supreme Court
erred in determining that the issue of retrenchment is excluded
from arbitration by the CBA and, therefore, in granting the
petition to permanently stay arbitration.  There is no contention
here that arbitration is prohibited or contrary to constitutional
or statutory provisions or public policy, and thus the sole issue
before Supreme Court was whether the CBA reveals that the parties
agreed to arbitrate the grievance (see Matter of City of
Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278
[2002]; Matter of Village of Horseheads [Horseheads Police
Benevolent Assn., Inc.], 94 AD3d 1191, 1192 [2012], lv denied 19
NY3d 899 [2012]).  The CBA provides that grievances — defined as
claims "based upon the interpretation or application of" the CBA
— are generally subject to arbitration.  However, it also
provides that "[m]atters relating to [HVCC's] decision to
retrench, fill, refill, establish and/or re-establish bargaining
unit positions shall not be arbitrable hereunder.  If grieved,
the decision of the [HVCC] President or designee shall be final
and binding and shall constitute the exclusive remedy
thereunder."  We agree with Supreme Court that this language
clearly and unambiguously manifests the parties' intention to
exclude the subject matter of retrenchment from arbitration.
Contrary to the contention of Raneri and the Association, the
CBA's plain language as set forth in the provisions pertaining to
retrenchment does not reveal that the parties intended to limit
the exclusion to decisions to retrench a certain number of
positions, rather than the retrenchment of particular positions.
Accordingly, the arbitration was properly stayed (see Matter of
Massena Cent. School Dist. [Massena Confederated School
Employees' Assn., NYSUT, AFL-CIO], 82 AD3d 1312, 1315-1316
[2011]; compare Matter of Sherwood [Kirkpatrick], 108 AD3d 979,
981 [2013]; Matter of County of Albany [AFSCME, Council 82], 114
AD2d 732, 733-734 [1985]).

        Next, Raneri and the Association challenge the dismissal of
their CPLR article 78 petition.  In reviewing such a claim, a
court may not substitute its judgment for that of the
administrative body and must confirm the challenged determination
unless the body "acted in excess of [its] jurisdiction, in
violation of lawful procedure, arbitrarily, or in abuse of [its]
discretionary power" (Matter of Pell v Board of Educ. of Union

Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see CPLR 7803 [3]; Matter of Perez v Rhea, 20 NY3d 399, 405 [2013]). Here, Raneri and the Association first argue that the reason given by HVCC to Raneri for the retrenchment — the discontinuance of a particular program — was pretextual, in that minutes from a curriculum committee meeting held in the same month as the retrenchment reveal that the faculty was advised that the discontinuance would have no impact on student numbers or faculty hours. However, affidavits in the record also reveal that, for economic reasons, HVCC was reducing the number of sections in Raneri's teaching area at the time in question and increasing the number of students in each section. Instructors of many of the courses in this teaching area were required to possess an Automotive Service Excellence (hereinafter ASE) certification. Raneri did not have this certification and, before the retrenchment, had taught courses for which ASE certification was not required. As a result of the reduction, fewer such sections were available, and if Raneri had taught every section for which ASE certification was not required in the fall of 2012, she would not have attained the minimum number of teaching "contact hours" required by the CBA. Notably, Raneri and the Association offered no evidence supporting their claim of pretext by revealing that her retrenchment was taken for some improper reason other than these stated economic concerns.

Raneri and the Association further contend that the retrenchment violated the CBA in that the positions of two faculty members in Raneri's teaching area who had less seniority were not retrenched. The record reveals, however, that both of these instructors were ASE-certified and were scheduled to teach a full load of courses for which this certification was required — and which Raneri could not teach — in the fall of 2012. Thus, the retrenchment of Raneri's position was in conformity with a requirement of the CBA that such actions "shall be made in inverse order of seniority provided a faculty member has the qualifications to teach the courses to be taught" (emphasis

added).[1]  Likewise, the fact that an adjunct faculty member's position was not retrenched did not violate a CBA requirement that such part-time instructors should be laid off first.  This instructor also possessed ASE certification and taught classes for which such certification was required; thus, retrenching his position would not have prevented Raneri's retrenchment.  Finally, there was no showing that HVCC acted in bad faith by assigning courses to other instructors for the purpose of depriving Raneri of a full teaching load; the record instead reveals that assignments were made for legitimate reasons having to do with the instructors' qualifications and other responsibilities.  Accordingly, Supreme Court did not err in determining that HVCC's decision was not arbitrary or capricious, an abuse of discretion or in violation of lawful procedure (see CPLR 7803 [3]; Matter of Perez v Rhea, 20 NY3d at 405; compare Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1130 [2013]).

     Peters, P.J., Stein, Lynch and Devine, JJ., concur.


     ORDERED that the judgment is affirmed, without costs.



                    ENTER:

                    *Robert D. Mayberger*

                    Robert D. Mayberger
                    Clerk of the Court

_____

     [1]  We agree with Supreme Court that this provision requires a faculty member to be qualified to teach upcoming classes, rather than those for which the faculty member's qualifications may have sufficed in previous years.