## Matter of Imaan Corp. v City of New York

2024 NY Slip Op 34347(U)

December 12, 2024

Supreme Court, New York County

Docket Number: Index No. 157735/2024

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LYNN R. KOTLER** | **PART** 08 |
| | *Justice* | |

-------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF IMAAN CORP.,

Petitioner,

- v -

CITY OF NEW YORK, PRESTON NIBLACK, ANTHONY MIRANDA, ASIM REHMAN

Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157735/2024 |
| **MOTION DATE** | 08/21/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for _____ ARTICLE 78 (BODY OR OFFICER) _____ .

Upon the foregoing documents, this motion is decided as follows. This is a special proceeding brought pursuant to CPLR Article 78 arising from petitioner Imaan Corp. ("Imaan") challenging a sealing order issued by respondents the City of New York, Preston Niblack, Commissioner of New York City Department of Finance ("DOF"), New York City Sheriff Anthony Miranda ("Sheriff"), and Asim Rehman, Commissioner of New York City Office of Administrative Trials and Hearings ("OATH" and collectively "respondents") for selling cannabis without a license. Imaan seeks an order pursuant to CPLR Article 78 for a Temporary Restraining Order and a Preliminary Injunction stopping the Sheriff from enforcing the sealing order on Imaan's business and vacating the OATH sealing order. Respondents oppose, arguing that the order was rational and supported by evidence. For the reasons that follow, the petition is denied.

Facts

**157735/2024  IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 1 of 8

[* 1]

1 of 8

The relevant facts, which are based on the petition and the verified answer, are as follows. On May 17, 2024, the Sheriff and members of the NYPD conducted an inspection of Imaan's business at 149 First Avenue, New York, New York (the "Subject Premises"). The inspection resulted in a violation of Administrative Code of City of NY § 7-551(1) and the Sheriff issued a sealing order that closed the business on the same day. Imaan is not licensed to sell cannabis and the Sheriff alleges that he observed cannabis and cannabis marketed products at the Subject Premises. The sealing order was based on two imminent threat factors set forth in Cannabis Law 138(b)(4), both for observation of unlicensed processing of cannabis and for proximity to schools.

The inspection of the Subject Premises allegedly revealed one pound of unlicensed cannabis, cannabis products and cannabis related paraphernalia. Included were two scales, one of which respondents claim had cannabis residue on it, a large chalkboard "menu" with 11 different strains of cannabis listed on it and a cannabis leaf on the top, a spinning wheel game where one could win a "free pre-roll" (i.e. cannabis), a box of empty packing vials, and a cannabis product with the California cannabis symbol.

Sheriff also issued summons No. 208-221-622 to Imaan for the violation, providing a hearing date with OATH on May 24, 2024. The summons was personally served to Khaled Ahmed on the premises and posted on the front of the Subject Premises, as evidenced by a Sheriff's affirmation of service which also provided a physical description of Ahmed. Sheriff additionally served the summons and sealing order and order to cease by mail to Imaan, and provided a sheriff's affirmation of service that such service was sent via United States Postal Service Certified Priority mail on May 22, 2024.

**157735/2024   IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 2 of 8**

2 of 8

On May 24, 2024, the OATH hearing was held before Hearing Officer Brand ("HO Brand") and the decision was provided to the court by both petitioner and respondent. In the hearing, petitioner argued that service was defective and that the amount of cannabis found was de minimus. HO Brand found that the service was sufficient pursuant to 48 RCNY § 6-08(b)(1)(i)(H) which allows for service upon "any other person of suitable age and discretion as may be appropriate, depending on the organization or character of the person, business or institution charged." While the owner of the business on the Subject Premises claimed he did not know who Ahmed was, HO Brand did not find this to be credible and found that service was properly effectuated. HO Brand also did not find the de minimus argument to have merit, as "the body of law under which Respondent is charged does not provide a de minimus exception to the cited charge."

In upholding the sealing order, HO Brand examined the evidence presented by the Sheriff and found that under the totality of the circumstances the evidence supported unlicensed activity at the Subject Premises and that Imaan failed to successfully rebut the Sheriff's arguments. HO Brand also noted that the Subject Premises was within 1,000 feet of four schools, satisfying another of the imminent threat factors. HO Brand issued the OATH determination on May 29, 2024. Acting on the recommendation of the OATH determination, the Sheriff issued its Final Decision on Order of Closure on May 31, 2024, closing the business at Subject Premises for a year. This petition was filed on August 21, 2024.

Petitioner claims that HO Brand's decision was arbitrary and capricious because she refused to consider Imaan's de minimus argument and because service upon Imaan was defective. Respondents maintain that the final determination was rational and supported by evidence on the record.

157735/2024   IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 3 of 8

3 of 8

[* 3]

Discussion

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision: was made in violation of lawful procedure; affected by an error of law; or arbitrary or capricious or an abuse of discretion, including whether the penalty imposed was an abuse of discretion (CPLR § 7803 [3]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck. Westchester County*, 34 NY2d 222, 231 [1974]). "An action or determination is arbitrary and capricious when 'it is taken without sound basis in reason or regard to the facts'" (*Matter of Ferrelli v State of New York*, 226 AD3d 504, 504 [1st Dept 2024] *quoting Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see also Matter of Pell*, 34 NY2d at 231). "It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Perez v Rhea*, 20 NY3d 399, 405 [2013] *quoting Matter of Pell*, 34 NY2d at 232).

Administrative Code § 7-552(b)(2) gives the sheriff authority to issue and execute a seal order on "a building or premises where any person is engaged in conduct prohibited by section 7-551 and which either poses an imminent threat as described in subdivision four of section one hundred thirty-eight-b of the cannabis law or satisfies the conditions set forth in subdivision five of such section".

Administrative Code § 7-551(a) makes punishable any conduct prohibited under "subdivision one or one-a of section one hundred twenty-five of the cannabis law". NY Cannabis Law § 125(a), (a)(1) provides the following:

> "1. No person shall cultivate, process, distribute for sale or sell at wholesale or retail or deliver to consumers any cannabis, cannabis product, medical cannabis or cannabinoid hemp or hemp extract product, or any product marketed or labeled as such, within the

157735/2024  IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 8

4 of 8

[* 4]

state without obtaining the appropriate registration, license, or permit therefor required by this chapter unless otherwise authorized by law.

1-a. No person shall engage in an indirect retail sale irrespective of whether such person has obtained a registration, license, or permit issued under this chapter."

Cannabis Law § 138(b)(4) provides the following imminent threat factors:

(a) documented sales to minors;
(b) unlicensed processing of cannabis products at the building or premises;
(c) orders issued following an inspection wherein the person engaged in the unlicensed activity engaged in violent, tumultuous, or other behaviors indicating expressed intent to not comply with the office's order to cease the unlicensed activity;
(d) documented presence of unlawful firearms at the building or premises;
(e) proximity of the building or premises to schools, houses of worship, or public youth facilities;
(f) presence of products deemed unsafe based on reports of illness or hospitalization; or
(g) sales of, or offers to sell, cannabis products not tested or labeled lawfully in accordance with this chapter.

Imaan argues that they did not violate Administrative Code §7-551(a) because there was no finding that the business sold or offered sale of any cannabis. NY Cannabis Law § 125(a) makes the processing of cannabis a prohibited activity, it does not require proof of sale. However, HO Brand found sufficient evidence to determine there was both processing and sale of unlicensed cannabis products on the Subject Premises. The decision specifically points out the terminology and product labels in the store indicate the presence of cannabis for sale, such as the "menu" of cannabis brands on the chalkboard found on the Subject Premises. Additionally, there was clear evidence of processing "including bags, vials, a scale, which appears to have cannabis residue on it, and a grinder." HO Brand's determination was rational and supported by substantial evidence on the record.

Imaan also argues that HO Brand was arbitrary and capricious by refusing to consider the de minimus standard stated in subsection six of NY Cannabis Law § 138(b). HO Brand found that the de minimus argument did not apply, as Administrative Code § 7-552(b) specifically cites

157735/2024  IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 8

5 of 8

subsection four and five but not subsection six in granting authority to seal a business or premises. Even if the de minimus standard should have been considered, it would not have made a difference in the outcome. NY Cannabis Law § 138(b)(7) provides a list of factors for considering whether the unlicensed activity was more than de minimus which includes "presence of signs or symbols… advertising the sale of cannabis or otherwise indicating that cannabis is sold on the premises" and "the volume of illicit cannabis products on site." The menu of cannabis brands, packing equipment and scale, and one pound bag of cannabis found on premises was sufficient evidence to find more than a de minimus amount of unlicensed activity and support the sealing order.

Imaan argues that the court should be persuaded by Justice Kerrigan's recent decision reopening a store in Queens County that was also closed for the unlawful sale of cannabis (*In the Matter of the Application of 3512 Bell Corp. v City of New York et al*, Sup Ct, Queens County, August 14, 2024, Kerrigan, J., index No. 715613/2024). In *Bell*, Justice Kerrigan found that the OATH officer failing to apply the de minimus standard meant there was no rational basis to make the decision, as the subdivisions of NY Cannabis Law § 138 must be read in conjunction with each other (*id.*). The *Bell* decision found that by failing to consider the de minumus standard and finding that the illegal activity was more than a de minimus part of the business, the decision was contrary to the statute (*id.*). This court is not persuaded by the *Bell* decision. HO Brand's determination found evidence of both processing and sale of cannabis at the Subject Premises and was not irrational in its determination.

Imaan also argues that HO Brand was arbitrary and capricious to recommend continuing the sealing order because the service of the sealing order was defective. Administrative Code §

**157735/2024  IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 6 of 8

6 of 8

7-552(b)(2) requires the sealing order be served in the same manner as provided by Cannabis Law § 138(b)(2). The relevant portion of Cannabis Law § 138(b)(2) provides:

> Any order to seal shall be served by delivery of the order to the owner of the business or other person of suitable age or discretion in actual or apparent control of the premises at the time of the inspection and shall be posted at the building or premises that have been sealed, secured and closed. A copy of the order shall also be mailed to any address for the owner of the business at any address provided by the person to whom such order was delivered pursuant to this subdivision.

Imaan argues that pursuant to CPLR § 2106, the affirmation of service must be a sworn statement under the penalty of perjury, and the affirmation of service for the sealing order was not a sworn statement. The service requirements of the Cannabis Law do not incorporate the CPLR requirements of service, and a strict reading of the law shows that respondents provided effective service. Ahmed was working in the store behind the counter at the time of service and was, as confirmed by HO Brand, a person of suitable age and discretion at the Subject Premises. HO Brand found Imaan's claim that they did not know Ahmed uncredible, and this court is not in the position to question HO Brand's determination on the credibility of the parties in the hearing. Because respondents complied with the Administrative Code by (1) delivering the sealing order to Ahmed, (2) posting the order at the Subject Premises, and (3) mailing the order to Imaan via certified mail, HO Brand was not arbitrary and capricious in determining that service was adequate.

Imaan argues that pursuant Justice Kerrigan's decision in *Bell* that the service was defective and therefore a violation of their due process. However, this case is distinguishable from *Bell*, as in *Bell* the OATH officer dismissed the summons for improper service in their determination to recommend closure of the premises, resulting in a due process violation (Sup Ct, Queens County, August 14, 2024, Kerrigan, J., index No. 715613/2024). The sealing order

157735/2024  IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 7 of 8

7 of 8

and civil summons must be viewed together and one cannot stand without the other (*id.*). Once the summons was dismissed, the hearing officer must find no unlicensed activity on the premises (*id.*). Here, the OATH officer confirmed the service of summons as valid rather than finding it improper. Therefore, the due process issues present in *Bell* do not apply.

**Conclusion**

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

_12/12/2024_
DATE

_____
LYNN R. KOTLER, J.S.C.

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| [X] CASE DISPOSED | | | [ ] NON-FINAL DISPOSITION | |
| [ ] GRANTED | [X] DENIED | | [ ] GRANTED IN PART | [ ] OTHER |

APPLICATION:

| | | |
|---|---|---|
| [ ] SETTLE ORDER | | [ ] SUBMIT ORDER |

CHECK IF APPROPRIATE:

| | | |
|---|---|---|
| [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

157735/2024  IN THE MATTER OF THE APPLICATION OF IMAAN CORP., vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 8 of 8

[* 8]