**Matter of 212 Smoke Shop & Beer Corp. v City of New York**

2025 NY Slip Op 30193(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 159857/2024

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. LYNN R. KOTLER**

*Justice*

PART **08**

---------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP., FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES,

Petitioner,

- v -

CITY OF NEW YORK, PRESTON NIBLACK, ANTHONY MIRANDA, ASIM REHMAN

Respondent.

---------------------------------------------------------------------------X

INDEX NO. 159857/2024

MOTION DATE 10/23/2024

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for _____ ARTICLE 78 (BODY OR OFFICER) _____ .

Upon the foregoing documents, this motion is decided as follows. This is a special proceeding brought pursuant to CPLR Article 78 whereby petitioner 212 SMOKE SHOP & BEER CORP. ("212") seeks to challenge a sealing order issued by respondents the City of New York, Preston Niblack, Commissioner of New York City Department of Finance ("DOF"), New York City Sheriff Anthony Miranda ("Sheriff"), and Asim Rehman, Commissioner of New York City Office of Administrative Trials and Hearings ("OATH" and collectively "respondents") for selling cannabis without a license. 212 seeks to stay the Sheriff from enforcing the sealing order on 212's business and vacating OATH's sealing order. Respondents oppose, arguing that the order was rational and supported by evidence. For the reasons that follow, the petition is denied.

Facts

The relevant facts, which are based on the petition and the verified answer, are as follows. On July 18, 2024, the Sheriff's designee and members of the NYPD conducted an

159857/2024 IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP., FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 1 of 8

1 of 8

[* 1]

inspection of 212's business at 212 East 34th Street, New York, NY 10016 (the "Subject Premises"). The inspection resulted in a violation of Administrative Code of City of NY § 7-551(1) and the Sheriff issued a sealing order that closed the business on the same day. 212 is not licensed to sell cannabis and the Sheriff alleges that he observed cannabis and cannabis marketed products at the Subject Premises. The sealing order was based on three imminent threat factors set forth in Cannabis Law 138(b)(4), for observation of unlicensed processing of cannabis, proximity to a public school and daycare center, and for cannabis products not tested or labelled lawfully seized during the inspection.

The inspection of the Subject Premises allegedly revealed a 0.82 pound bag of unlicensed cannabis, cannabis product unlawfully labeled with State California cannabis symbol and labeled "Rikka Bubblegum PopperZ", three digital scales for processing that were not marked for sale, a glass jar for marketing the cannabis product labeled "WHITE RUNTZ indica and sativa 50/50", and multiple plastic vials used in packaging cannabis product.

The Sheriff's designee issued Summons No. 215-072-541 (the "Summons") to 212, providing a hearing date with OATH on July 25, 2024. The back side of the Summons contained a signed certificate of service indicating it was delivered to Mohammed Al Towayte and noted that "above employee stated he was authorized to accept summons on behalf of respondent". An additional copy of the Summons was affixed to the door at the Subject Premises on the day of the inspection as well as mailed there on July 22, 2024. The Sheriff's designee also issued an Immediate Order of Closure (the "Sealing Order") and Order to Cease Unlicensed Activity and Seizure Notice ("Order to Cease") on July 18, 2024 following the inspection.

On July 25, 2024, the OATH hearing was held before Hearing Officer Psaros ("HO Psaros") and the decision was provided to the court by both petitioner and respondent. In the

159857/2024   IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP.,   Page 2 of 8
FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs.
CITY OF NEW YORK ET AL
Motion No. 001

2 of 8

hearing, 212 argued that the service of the Summon and Sealing Order was defective. 212 first argued that two separate establishments existed at the Subject Premises, "212 Smokeshop & B Corp." and "212 Smokeshop & Beer Corp.", and that the Department of Finance failed to properly identify which of these entities was in violation. 212 also brought the manager of 212, Sadam Alselmi, as a witness, who testified that the store had sold cannabis products in the store several months before but had cleaned out all cannabis products and accessories from the store and stopped selling them. He also testified that Al Towayte was not an employe and so was not authorized to accept service. 212's counsel further argued that the cannabis found was minimal and that the imminent threat factors were not met.

HO Psaros found that only one smoke shop was operating at the location and that the Summons named the proper commercial establishment at that location, so the Summons was properly served. HO Psaros found that affidavit of service indicated that Al Towatye held himself out as someone authorized to accept service and that the rules of both he CPLR and OATH were complied with by serving the designated agent of a corporation.

HO Psaros found the Sealing Order was properly served as the affidavits and affirmations of service provided evidence that proper service was upon 212.

Additionally, claims that the store were no longer selling cannabis and cleaned out were disputed by the presence of the 0.82 pounds of cannabis flower seized along with the other paraphernalia. HO Psaros specifically credited photos submitted into evidence that show the unlicensed processing on cannabis product which show scales used in the process and packaging of cannabis, a photo of the raw cannabis flower, a photo of bags for packaging, and the empty jars with the "WHITE RUNTZ indica and sativa 50/50" label. HO Psaros found the claim by Alselmi that the store had been cleaned out and no longer sold cannabis and the claim that

159857/2024  IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP.,    Page 3 of 8
FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs.
CITY OF NEW YORK ET AL
Motion No. 001

3 of 8

insufficient evidence of cannabis products was found to not be credible based on the raw cannabis flower and processing materials found at the Subject Premises.

HO Psaros also found that that three imminent threat factors were met. The evidence was enough to show the unlicensed sale of cannabis and sale of not tested or lawfully labeled cannabis. The store was also within 1,000 feet of both a public school and day care center.

Based on these findings, HO Psaros recommended the continuation of the Sealing Order on July 25, 2024. On July 31, 2024, the Office of the New York City Sheriff issued its final decision adopting the OATH recommendation regarding the Sealing Order, closing the business at the Subject Premises for a year. This petition was filed on October 23, 2024.

Petitioner claims that HO Psaros's decision was arbitrary and capricious because the evidence failed to show that 212 was selling or offered the sale of cannabis and because service upon 212 was defective. Respondents maintain that the final determination was rational and supported by evidence on the record.

Discussion

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision: was made in violation of lawful procedure; affected by an error of law; or arbitrary or capricious or an abuse of discretion, including whether the penalty imposed was an abuse of discretion (CPLR § 7803 [3]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck. Westchester County*, 34 NY2d 222, 231 [1974]). "An action or determination is arbitrary and capricious when 'it is taken without sound basis in reason or regard to the facts'" (*Matter of Ferrelli v State of New York*, 226 AD3d 504, 504 [1st Dept 2024] *quoting Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see also Matter of Pell*, 34 NY2d at 231). "It is well settled that a court may not substitute its

judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Perez v Rhea*, 20 NY3d 399, 405 [2013] *quoting Matter of Pell*, 34 NY2d at 232).

Administrative Code § 7-551(a) makes punishable any conduct prohibited under "subdivision one or one-a of section one hundred twenty-five of the cannabis law". NY Cannabis Law § 125(a), (a)(1) provides the following:

> "1. No person shall cultivate, process, distribute for sale or sell at wholesale or retail or deliver to consumers any cannabis, cannabis product, medical cannabis or cannabinoid hemp or hemp extract product, or any product marketed or labeled as such, within the state without obtaining the appropriate registration, license, or permit therefor required by this chapter unless otherwise authorized by law.
> 1-a. No person shall engage in an indirect retail sale irrespective of whether such person has obtained a registration, license, or permit issued under this chapter."

Cannabis Law § 138(b)(4) provides the following imminent threat factors:

(a) documented sales to minors;
(b) unlicensed processing of cannabis products at the building or premises;
(c) orders issued following an inspection wherein the person engaged in the unlicensed activity engaged in violent, tumultuous, or other behaviors indicating expressed intent to not comply with the office's order to cease the unlicensed activity;
(d) documented presence of unlawful firearms at the building or premises;
(e) proximity of the building or premises to schools, houses of worship, or public youth facilities;
(f) presence of products deemed unsafe based on reports of illness or hospitalization; or
(g) sales of, or offers to sell, cannabis products not tested or labeled lawfully in accordance with this chapter.

Administrative Code § 7-552(b)(2) gives the sheriff authority to issue and execute a seal order on "a building or premises where any person is engaged in conduct prohibited by section 7-551 and which either poses an imminent threat as described in subdivision four of section one hundred thirty-eight-b of the cannabis law or satisfies the conditions set forth in subdivision five of such section". Administrative Code § 7-552(b)(2) also requires the sealing order be served in

159857/2024  IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP.,          Page 5 of 8
FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs.
CITY OF NEW YORK ET AL
Motion No.  001

5 of 8

the same manner as provided by Cannabis Law § 138(b)(2). The relevant portion of Cannabis

Law § 138(b)(2) provides:

> Any order to seal shall be served by delivery of the order to the owner of the business or other person of suitable age or discretion in actual or apparent control of the premises at the time of the inspection and shall be posted at the building or premises that have been sealed, secured and closed. A copy of the order shall also be mailed to any address for the owner of the business at any address provided by the person to whom such order was delivered pursuant to this subdivision.

212 argues that they did not violate Administrative Code §7-551(a) because the evidence filed to establish that 212 sold or offered sale of any cannabis and the determination by HO Psaros was arbitrary and capricious. NY Cannabis Law § 125(a) makes the processing of cannabis a prohibited activity, it does not require proof of sale. However, HO Psaros found there was sufficient evidence to determine there was both processing and sale of unlicensed cannabis products on the Subject Premises. In the decision, HO Parsons cited the 0.82 pounds of cannabis found, the empty bags and scales used to process the cannabis and the empty jars labeled "WHITE RUNTZ indica and sativa 50/50". Based on the evidence presented, it cannot be said that the determination that cannabis was being processed and sold on the Subject Premises was arbitrary and capricious.

Further, HO Psaros found that the store posed an imminent threat to the public because three of the imminent threat factors were met. HO Psaros credited the DOF's arguments, based on the evidence, that 212 was selling cannabis products and that these products were not tested or labeled lawfully, and that the Subject Premises was within 1,000 feet of both a public school and a daycare center.

212 next argues that the Summons should have been dismissed as defective because Al Towayte was not an employee of the store and that under CPLR § 311 the summons must be

delivered "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." However, service for OATH hearings are governed by 48 RCNY § 6-08(b)(1) which permits, *inter alia*, service upon "any other person of suitable age and discretion as may be appropriate". Al Towayte held himself out as an employee of the store who was authorized to receive service and was working at the store at the time of the inspection by the Sheriff's designee. HO Psaros was not arbitrary and capricious in determining that this individual who identified himself as authorized to accept service and in apparent control of the Subject Premises was of suitable age and discretion.

212 argues that Summons was also defective because under CPLR § 2106 the affirmation of service must be a sworn statement under the penalty of perjury, and the affirmation of service for the sealing order was not a sworn statement. The service requirements of the Cannabis Law do not incorporate the CPLR requirements of service, however even if they did, CPLR § 306(d) states "[p]roof of service shall be in the form of a certificate if the service is made by a sheriff or other authorized public officer". Therefore, the certificate of service was sufficient and HO Psaros was reasonable in finding that service upon 212 was effective. 212 argued on the same grounds that the Sealing Order was improperly served. The evidence provided in the hearing showed that each of the requirements of Cannabis Law § 138(b) were met by (1) delivering the sealing order to Al Towayte, (2) posting the order at the Subject Premises, and (3) mailing the order to 212 via certified mail. HO Psaros rationally determined from the affidavits and affirmations provided by the Sheriff that the requirements of service for the Sealing Order were met.

Citing Justice Kerrigan's decision in *In the Matter of the Application of 3512 Bell Corp. v City of New York et al*, 212 argues that the summons was legally invalid and therefore neither the

159857/2024   IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP.,          Page 7 of 8
FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs.
CITY OF NEW YORK ET AL
Motion No. 001

[* 7]
7 of 8

OATH hearing office nor the Sheriff can continue the Sealing Order, as without the Summons no finding of illegal activity exists (Sup Ct, Queens County, August 14, 2024, Kerrigan, J., index No. 715613/2024). However, this case is distinguishable from *Bell*, as in *Bell* the OATH officer dismissed the summons for improper service in their determination to recommend closure of the premises, resulting in a due process violation (*id.*). The sealing order and civil summons must be viewed together, and one cannot stand without the other (*id.*). Once the summons was dismissed, the hearing officer must find no unlicensed activity on the premises (*id.*). Here, the OATH officer confirmed the service of summons as valid rather than finding it improper. Therefore, the due process issues present in *Bell* do not apply.

**Conclusion**

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

| 1/7/2025 | | | | LYNN R. KOTLER, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

159857/2024   IN THE MATTER OF THE APPLICATION OF 212 SMOKE SHOP & BEER CORP.,          Page 8 of 8
FOR A JUDGMENT PURSUANT TO ARTICLE 78 OF THE CIVIL PRACTICE LAW AND RULES vs.
CITY OF NEW YORK ET AL
Motion No. 001

8 of 8